24CA1902 Castro v ICAO 01-30-2025

COLORADO COURT OF APPEALS

Court of Appeals No. 24CA1902
Industrial Claim Appeals Office of the State of Colorado
DD No. 26972-2024

Nayamin I. Castro,

Petitioner,

v.

Industrial Claim Appeals Office of the State of Colorado,

Respondent.

ORDER AFFIRMED

Division IV
Opinion by JUDGE PAWAR
Harris and Grove, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced January 30, 2025

Nayamin I. Castro, Pro Se

No Appearance for Respondent

¶ 1     In this unemployment benefits case, Nayamin I. Castro seeks review of a final order of the Industrial Claim Appeals Office (Panel) affirming a hearing officer's dismissal of her appeal as untimely. Because Castro waited nearly three years to file her appeal with the hearing officer and the hearing officer does not have discretion to accept an appeal beyond 180 days, we affirm the Panel's order.

## I.     Background

¶ 2     On April 3, 2020, Castro filed a claim for benefits with the Division of Unemployment Insurance (Division).  The Division requested that Castro provide additional information regarding her citizenship status, and she did not provide that information until one year later, on April 3, 2021.  On October 27, 2021, a deputy for the Division notified Castro that her claim was disallowed due to the delay between the date the Division requested the information and the date she provided it.  That notice also advised Castro that the deputy's decision would be final unless she appealed it within twenty days of the date it was mailed, making the deadline November 16, 2021.

¶ 3     Nearly three years later, Castro appealed the deputy's decision.  She apologized for untimely providing the Division her

1

citizenship documentation, explaining that she "must have missed the letter regarding the need for this documentation" and noting that she would learn from the mistake. However, she provided no explanation for her delay in appealing the deputy's decision.

¶ 4     A hearing officer for the Division issued an order dismissing Castro's appeal as untimely, explaining that Department of Labor & Employment Regulation 12.1.3.2, 7 Code Colo. Regs. 1101-2, bars appeals filed more than 180 days past the filing deadline.

¶ 5     Castro timely appealed the hearing officer's order to the Panel. Though she reiterated her explanation regarding her delay in providing documentation of her citizenship status, she again provided no explanation for her three-year delay in appealing the deputy's decision.

¶ 6     The Panel affirmed the hearing officer's decision, explaining that under Regulation 12.1.3.2, "appealing a deputy's decision over 180 days late may not be excused."

## II.     Discussion

¶ 7     On appeal, Castro raises the same points she brought before the Panel, explaining that she "missed the letter" requesting her

citizenship documentation. She again does not explain her three-year delay in appealing the deputy's decision.

¶ 8     We may set aside the Panel's decision only if (1) the Panel acted without or in excess of its powers; (2) the decision was procured by fraud; (3) the findings of fact do not support the decision; or (4) the decision is erroneous as a matter of law. § 8-74-107(6), C.R.S. 2024.

¶ 9     Here, it is undisputed that the Division mailed a copy of the deputy's decision to Castro's last-known address, *see*, § 8-74-106(1)(a), C.R.S. 2024, Castro received the decision, and she filed her appeal well past the 180-day deadline. Given the foregoing facts, we agree with the Panel that the hearing officer properly dismissed Castro's appeal, as Regulation 12.1.3.2 requires. (If an appeal is more than 180 days late, "good cause may not be established, a hearing shall not be scheduled, the appeal shall be dismissed, and the deputy's decision shall become final.")

### III.   Disposition

¶ 10    The Panel's order is affirmed.

JUDGE HARRIS and JUDGE GROVE concur.